UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

KING RANGE, JR.,

                         Plaintiff,

      v.

RHC OPERATING LLC and FASHION RETAIL
INC.,

                        Defendants.

-----------------------------------------------------------------x

1:24-CV-8467

COMPLAINT

<u>JURY TRIAL REQUESTED</u>

## **COMPLAINT**

King Range, Jr. ("Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint

in this action against RHC Operating LLC and Fashion Retail Inc. (together referred to as

"Defendants"), hereby alleges, upon information and belief, as follows:

## **NATURE OF THE CLAIMS**

1.  Plaintiff files this lawsuit due to Defendants' pervasive, ongoing, and inexcusable

disability discrimination against him in violation of Title III of the Americans with Disabilities

Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State

Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive

Law"), the New York State Civil Rights Law, § 40 *et seq.*, and the New York City Human

Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code").

2.  To redress Defendants' unlawful disability discrimination against him, Plaintiff seeks

declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees,

costs, and expenses from Defendants.

3.  As explained more fully below, Defendants own, lease, lease to, operate, and control a

place of public accommodation that violates the above-mentioned laws. Defendants are

vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

4.  Defendants chose to ignore the explicit legal requirements that require them to make their place of public accommodation accessible to persons with disabilities, evidently deciding that disabled customers are not desired.

5.  Defendants therefore made the unlawful decision not to provide disabled customers access to their place of public accommodation.

6.  So that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers, Plaintiff seeks to right Defendants' wrongful conduct by having them compelled to make their place of public accommodation fully accessible to him as a disabled wheelchair user.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

9.  At all times relevant to this action, Plaintiff King Range., Jr. has been and remains currently a resident of the State and City of New York.

10.  At all times relevant to this action, Plaintiff King Range., Jr. has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

11.  Defendant RHC Operating LLC owns the building and real property located at 375 Madison Avenue in New York County, New York (hereinafter referred to as "375 Madison Avenue").

12.  Defendant Fashion Retail Inc. operates a retail clothing store known as Sayki within 375 Madison Avenue (hereinafter referred to as the "Sayki Store")

13.  Defendant Fashion Retail Inc. leases the Sayki Store from defendant RHC Operating LLC.

14.  Defendants are parties to a written agreement for the lease of the Sayki Store..

15.  Defendant RHC Operating LLC is a foreign limited liability company formed in the State of Delaware.

16.  Defendant Fashion Retail Inc. is a is a foreign business corpoation incorporated in the State of Delaware.

17.   Both Defendants are authorized to do business in New York, and both Defendants transact business in New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.  Defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the Sayki Store located at 375 Madison Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

19.   The Sayki Store is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

20.   Numerous architectural barriers exist at the Sayki Store that prevent and restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

21.   375 Madison Avenue was designed and constructed for first possession before January 26, 1992.

22.   Upon information and belief, at various times after January 26, 1992, physical modifications were made to 375 Madison Avenue, including areas adjacent and/or attached to 375 Madison Avenue, in a manner that affected or could have affected the usability of the Sayki Store or part thereof (a/k/a "alterations").

23.   Upon information and belief, at various times after January 26, 1992, physical modifications were made to the Sayki Store, and to areas of 375 Madison Avenue related to the Sayki Store, in a manner that affected or could have affected the usability of the Sayki Store or part thereof (a/k/a "alterations").

24.   Upon information and belief, the Sayki Store, and areas of 375 Madison Avenue related to the Sayki Store were physically modified in a manner that affected or could have affected the usability of the Sayki Store or part thereof (a/k/a "altered") multiple times after January 26, 1992, including pursuant to renovations performed in the 2017 calendar year.

25.   Plaintiff has attempted and desired to access the Sayki Store in the past few years, including on June 30, 2024.

26.   Despite wanting to access the Sayki Store, Plaintiff could not do so as architectural

barriers – *i.e.*, a step – Defendants maintain at the public entrance denied him the opportunity to

enter.

27.   The step at the Sayki Store' public entrance is open and obvious to those who go to

or by Sayki, including Plaintiff. The step at the Sayki Store' public entrance has also deterred

Plaintiff from visiting the store.



Sayki's Sayki Store at 375 Madison Avenue

28.   The services, features, elements and spaces of the Sayki Store are not readily

accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible

Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991

Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in

36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as

the "2010 Standards" or the "2010 ADA").

29.   Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Sayki Store that are open and available to the public.

30.   Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"); the 2008 New York City Building Code, Administrative Code, Title 28 ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"); the 2014 New York City Building Code, Administrative Code, Title 28 ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std"); and the 2022 New York City Building Code, Administrative Code, Title 28 ("2022 BC") including the 2022 BC Reference Standard ICC/ANSI 117.1 2009 ("2022 Ref Std");

31.   Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Sayki Store as well as architectural barriers that exist include, but are not limited to, the following:

I.     An accessible route is not provided from the public street and sidewalk to the Sayki Store' public entrance.
       *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.    There is no accessible public entrance to the Sayki Store.
       *Defendants fail to provide that at least 50% of all its public entrance are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
       *Defendants fail to provide that at least 60% of all its public entrance are accessible.  See 2010 ADA § 206.4.1.*

Defendants fail to provide that primary entrances[1] are accessible. See 1968 BC §
27-292.5(a).
Defendants fail to provide that all of its public entrance are accessible. See 2008
BC § 1105.1; and 2014 BC § 1105.1.

III.    No signage identifies an accessible entrance to the Sayki Store (to the extent
Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of
Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA
§§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27-
292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV.    There is no directional signage at the public entrance to the Sayki Store located
which indicates the location of an accessible entrance (to the extent Defendants
claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public
entrance (marked with the International Symbol of Accessibility or otherwise) that
indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and
4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968
BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance
indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2;
and 2014 BC §§ 1101.3.3; and 1110.2.*

V.    The step at the exterior of the Sayki Store entryway has a change in level greater
than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than
1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991
ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than
1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and
2014 Ref Std § 303.4.*

VI.    The entrance doors at the Sayki Store lack level maneuvering clearances at the
pull side of the door.
*Defendants fail to provide an accessible door with level maneuvering clearances.
See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std
§ 404.2.3; and 2014 Ref Std § 404.2.3.*

VII.    Maneuvering clearances at the pull side of the entrance doors is not provided due
to steps.
*Defendants fail to provide minimum maneuvering clearances of 48 inches
perpendicular to the door for a forward approach to the push side of a door. See
1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std §
404.2.3; and 2014 Ref Std § 404.2.3.*

---

[1] The 1968 BC uses the defined term "primary entrance" instead of the defined term "public
entrance" found in the 1991 ADA, 2010 ADA, and later versions of the NYC Building Codes.

VIII.   The Sayki Store' entrance doors are very heavy and difficult to open. *Defendants fail to provide a door that requires less than eight-and-one-half pounds of force to open. 1968 Ref Std § 4.13.11.*

IX.   The Sayki Store' entrance, which is also serves as the means of egress, is not accessible. *Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

32.   Plaintiff either personally encountered, or has knowledge of, the barriers to access detailed in the foregoing paragraph.

33.   Upon information and belief, a full inspection of the Sayki Store and related areas of 375 Madison Avenue will reveal the existence of other barriers to access.

34.   As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Sayki Store to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to prosecute all violations of 1991 Standards and 2010 Standards (including violations of the 1991 Standards and 2010 Standards not detailed in this Complaint) catalogued by Plaintiff during an inspection of the Sayki Store and which Plaintiff discloses to Defendants in a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

35.   Notice is also given that Plaintiff intends to amend this Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

36.   Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

37.   Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

38.   Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Sayki Store continue to exist and deter Plaintiff.

**The Sayki Store' Midtown East Location**

39.   The Sayki Store is located in Manhattan's Midtown East neighborhood one of New York City's major thoroughfares and shopping districts, drawing visitors from New York City and the world.

40.   A few minutes from the Sayki Store, is Grand Central Terminal the second-busiest train station in the United States, and a major destination and transit point. The Grand Central Terminal 42nd Street subway station is a major transit junction that connects Manhattan to Brooklyn, Queens, the Bronx, and the Staten Island Ferry.

41.   Plaintiff goes to Midtown east due to his travels throughout New York City.

42.   As he travel through the area, Plaintiff also visits locations and places that interest him in Midtown East.

43.   Defendant Fashion Retail Inc. showcases the products it sells at the Sayki Store in multiple floor-to-ceiling display windows along Madison Avenue, and East 46th Street.

44.   The clothing Defendant Fashion Retail Inc. showcases in the Sayki Store' display windows are prominently displayed so that they are visible to persons on the public sidewalks outside the Sayki Store.

45.   Defendant Fashion Retail Inc. showcases its offerings in the Sayki Store' display windows to entice passersby to visit.

46.   Plaintiff is among the passersby who saw the clothing showcased in the window displays and became interested in visiting the Sayki Store.

**Plaintiff's Prior and Ongoing Desire to Visit the Sayki Store**

47.   Plaintiff enjoys clothing and fashion generally and likes discovering new styles, designers and brands.

48.   Plaintiff has seen Sayki's clothing (online on the Sayki website) and in real life (within the Sayki Store' display windows). Plaintiff likes Sayki's clothing and style.

49.   Although online shopping offers Plaintiff the ability to shop from home, it denies Plaintiff the ability to see, feel and try on an item before purchase.

50.   As he travels throughout New York City, Plaintiff passes through Midtown East more than twenty four times a year. Plaintiff goes to Midtown East as a destination, six or more times a year.

51.   When in Midtown East Plaintiff visits stores that do not have barriers to wheelchair access.

52.   On June 30, 2024 Plaintiff wanted to visit the Sayki Store.

53.   Plaintiff wanted to visit the Sayki Store because he was attracted to the clothing he viewed in the display windows.

54.   Plaintiff's desire to visit the Sayki Store continues because he remains attracted to the clothing he saw in its display windows.

55.   Plaintiff also wants to visit the Sayki Store because he likes the Sayki clothing he has seen online.

56.   Plaintiff, however, desires the opportunity to shop for Sakyi clothing IRL, so he can experience (see, feel, and try) Sayki's clothes.

57.   However, Plaintiff is deterred from visiting the Sayki Store as its public entrance are blocked by a step - perhaps the most obvious barrier to wheelchair access that exists.

58. No different than ambulatory individuals, Plaintiff desires to the opportunity to shop for Sayki clothing in real life.

59. Plaintiff wants the visit the Sayki Store when he is in Midtown East.

60. Plaintiff intends to patronize the Sayki Store one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

61. Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Sayki Store. This is because he desires to shop at the Sayki Store but is denied the opportunity to do so based on disability.

62. Defendants deny Plaintiff the opportunity to shop at the Sayki Store as they created, maintain, and have failed to remove. architectural barriers to wheelchair access at the Sayki Store.

63. Defendants therefore discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

64. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

65. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

66. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

67.   Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

68.   Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

69.   By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

70.   Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

71.   Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

72.   The paths of travel to the Sayki Store' altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

73.   Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

74.  By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

75.  In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

76.  Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq., and 28 C.F.R § 36.101 et seq.

77.  Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

78.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

79.  Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

80.  In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

81. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

82. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

83. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

84. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

85. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

86. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

87. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

88. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

89.  Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

90.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

91.  Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

92.  The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

93.  Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of

disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the

Defendants have aided and abetted others in committing disability discrimination.

94.  Defendants have and continue to commit disability discrimination in violation of the

Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged

herein.

95.  Defendants have discriminated, and continue to discriminate, against Plaintiff in

violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or

maintaining an inaccessible place of public accommodation.

96.  Defendants have subjected, and continue to subject, Plaintiff to disparate treatment

by directly and indirectly refusing, withholding, and denying the accommodations, advantages,

facilities, and privileges of their commercial facility/space all because of disability in violation of

the NYCHRL (Administrative Code § 8-107(4)).

97.  Defendants' policies and procedures inclusive of the policies of refusing to expend

funds to design, create and/or maintain an accessible commercial facility/space is a

discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

98.  Defendants' failure to provide reasonable accommodations for persons with

disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein,

and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous

pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code

§§ 8-107(4) and 8-107(15)).

99.  In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have

and continue to, aid and abet, incite, compel, or coerce each other in each of the other

Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and

denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

100. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, RHC Operating LLC continuously controlled, managed, and operated the public sidewalk abutting 375 Madison Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

101. RHC Operating LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

102. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

103. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

104. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

105. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

106. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

107. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

108. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

109. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

110. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

111. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

112. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

113. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

114. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

115. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

116. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

117. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

118. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close the Sayki Store for sales or service business to customers within the physical space until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be

justly entitled.

Dated: November 6, 2024
        New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By: /s
Adam S. Hanski, Esq.
Attorneys for Plaintiff
85 Delancey Street
New York, New York 10002
Telephone: (212) 248-7400
Email: ash@disabilityrightsny.com